UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK GUCCIONE,

                Plaintiff,

- against -

HARRAH'S MARKETING SERVICES
CORPORATION, HARRAH'S OPERATING
COMPANY, LLC, HARRAH'S LICENSE
COMPANY, LLC, HARRAH'S
ENTERTAINMENT INC., and BALLY's
ATLANTIC CITY

                Defendants

**OPINION AND ORDER**

06 Civ. 4361(PKL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/09

**APPEARANCES**

MCANDREW, CONBOY & PRISCO
Robert A. Koubek, Esq.
95 Froehlich Farm Boulevard
Melville, NY 11747

Attorneys for Plaintiff

CAMACHO MAURO MULHOLLAND, LLP
Eric S. Malinowski, Esq.
350 Fifth Avenue, Suite 4702
New York, NY 10118

Attorneys for Defendant Bally's Atlantic City

**LEISURE, District Judge:**

Frank Guccione ("Guccione" or "plaintiff") brings this action for damages after allegedly sustaining injuries from a fall while at Bally's Atlantic City ("Bally's" or "defendant")[1] in Atlantic City, New Jersey. Bally's moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer venue. For the reasons stated below, this Court lacks personal jurisdiction over defendant but, in lieu of dismissal, transfers the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

This action was originally filed in the Supreme Court of the State of New York, Bronx County, on April 19, 2006. (Pet. Removal ¶ 2.) Defendant removed the action to this Court on June 9, 2006, based on diversity jurisdiction.[2] (Id. ¶¶ 4-5.) Guccione resides in the State of New York, Bronx County. (Pet. Removal ¶ 5; see also Compl. ¶ 1.) Bally's is a New Jersey corporation with its principal place of business in Atlantic City, New Jersey. (Hughes Aff. ¶ 6.)

Guccione alleges that he was injured on August 15, 2005, when he tripped and fell over a drink cart placed directly behind him on defendant's premises. (Compl. ¶ 79.) Guccione visited defendant's casino following receipt of various offers and solicitations he received at his New

---

[1] Although identified as Bally's Atlantic City in the complaint, according to defendant's Petition for Removal and the Affidavit of N. Lynne Hughes, Assistant Secretary for Bally's, sworn to on February 14, 2007 ("Hughes Aff."), attached as Exhibits C and D, respectively, to defendant's moving papers, the entity's legal name is Bally's Park Place, Inc., d/b/a Bally's Atlantic City. Bally's asserts in its Petition for Removal and brief that it has been "improperly sued herein as Harrah's Marketing Services Corporation, Harrah's Operating Company, LLC, Harrah's License Company, LLC and Harrah's Entertainment, Inc.," (collectively, "Harrah's" or "non-moving defendants"). Bally's contends that Harrah's does not own, operate, or control Bally's. (Hughes Aff. ¶¶ 3-6.) Although Bally's and Harrah's appear to be sister companies, the Court need not address this issue because Harrah's has not joined in this motion, nor has Harrah's otherwise moved to dismiss on the basis that Harrah's is not a proper party to this action. This Opinion and Order resolves only Bally's instant motion.

[2] The non-moving defendants joined in the petition for removal. (See Pet. Removal.)

York home to use defendant's facilities. (Pl.'s Affirmation ¶ 4.)[3] He attributes his fall to defendant's "negligence, recklessness, and carelessness" in "causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist." (Compl. ¶ 79.) As a result of the fall, Guccione allegedly sustained "severe and permanent physical and psychological personal injuries and has been rendered sick, sore, lame and disabled; and did suffer and will in the future suffer severe pain as a result thereof." (Compl. ¶ 80.)

Defendant's answer, filed on June 12, 2006, preserved its objection to personal jurisdiction (Answer ¶ 93), but not to improper venue. Because the answer was defendant's first responsive pleading, defendant waived any objection to improper venue.[4] See Fed. R. Civ. P. 12(h)(1)(B); see also Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., Inc., 295 F.3d 256, 260 n.2 (2d Cir. 2002) ("[B]ecause defendant failed to raise any venue challenge in a pre-answer motion or responsive pleading, ... defendant is deemed to have waived any objection to venue." (citing Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 n. 1 (2d Cir. 1966) (stating venue is a personal privilege that is waivable at will)). Thus, the Court reaches only defendant's motion to dismiss the action for lack of personal jurisdiction, or in the alternative, to transfer venue.[5]

---

[3] In lieu of a memorandum of law in opposition to defendant's motion, as required by Local Civil Rule 7.1(a), plaintiff submits a four-page Affirmation in Opposition ("Pl.'s Affirmation") consisting of (i) nine numbered paragraphs devoid of any citation to legal authorities, (ii) an Exhibit A, consisting of defendant's Supplemental Response to Interrogatories, and (iii) an Exhibit B, consisting of an unexecuted copy of an agreement among, *inter alia*, defendant and Torgro Atlantic City for limousine transportation services. Plaintiff has not submitted any affidavits in support of his allegations of jurisdiction over defendant. Notwithstanding such deficiencies, in resolving this motion, the Court considers the points relied upon by plaintiff in his Affirmation and accompanying exhibits.

[4] In addition, as discussed below, defendant cannot move to dismiss for improper venue once an action is properly removed to federal court. See infra note 6.

[5] Although no statutory authority is cited in support of defendant's request to transfer venue, this Court liberally construes defendant's motion in the alternative as a request for discretionary transfer under 28 U.S.C. § 1404(a). Even though Bally's waived its right to object to venue, a district court "may order a § 1404(a) transfer *sua sponte*." Blum v. Salomon, No. 06 Civ. 3149, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006) (citing Lead Indus. Assoc. v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n. 17 (2d Cir. 1979) ("The broad language of 28 U.S.C. §

3

## DISCUSSION

In support of its motion to dismiss, Bally's maintains that the quality and quantity of its contacts with New York are "nonexistent" and do not warrant jurisdiction under New York law or under Constitutional Due Process requirements. (Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") 6.) In the alternative, Bally's requests that the Court transfer the case to Superior Court, Atlantic County, New Jersey. (Id. at 5, 13.)

In opposition, plaintiff maintains that: (i) defendant has not shown by admissible proof that its contacts with New York are insignificant; (ii) defendant chose to remove the action to this forum, and thus should be bound by its choice;[6] and (iii) while New Jersey is merely the situs of plaintiff's accident, New York is the more convenient and more appropriate forum, as

---

1404(a) would seem to permit a court to order transfer [s]ua sponte . . . .")); see also Smart v. Goord, 21 F. Supp. 2d 309, 318 n. 6 (S.D.N.Y. 1998) (stating that "[w]aiver of objection to improper venue ... [does not prohibit] a motion to transfer for convenience and the interest of justice pursuant to 28 U.S.C. § 1404(a)" and collecting cases). Moreover, as explained below, a district court may consider a post-removal request to transfer venue under § 1404(a). See infra note 6.

[6] This argument is not supported by case law in this District. See e.g., Waverly Commons LLC v. Shoe Snow, Inc., No. 08 Civ. 10818, 2009 WL 1116893, at *1 (S.D.N.Y. Apr. 24, 2009) (Lynch, J.) (transferring case pursuant to 28 U.S.C. § 1404(a) after defendant removed case to federal court); Rabiea v. First Nat'l Bank of Penn., No. 08 Civ. 0603, 2008 WL 2562004, at *1 (E.D.N.Y. June 26, 2008) (same); Haynie v. Sands Hotel Casino & Country Club, No. 91 Civ. 4151, 1992 WL 8148, at *1 (S.D.N.Y. Jan. 13, 1992) (same). The Second Circuit has advised that in removed cases, venue is governed by the removal statute, 28 U.S.C. § 1441, not the ordinary federal venue statute, 28 U.S.C. § 1391. See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2d Cir. 1998) (stating in dicta that removing defendant "may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there," although plaintiff may still challenge venue in state court from which action was removed). The removal statute properly fixes federal venue in "the district court ... for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, because defendant removed this case from state court on the basis of diversity jurisdiction, if the case was properly removed to this Court, defendant cannot challenge venue as if the case were originally filed in this Court. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953) (holding that action removed pursuant to § 1441(a) could not be dismissed by district court for improper venue under § 1391 as if action had originally been brought in federal court because "§ 1391 has no application to . . . a removed action. The venue of removed actions is governed by ... § 1441(a), and under that section venue was properly laid in [the district in which the state action was pending]."); see also Moss v. Atl. Coast Line R.R. Co., 157 F.2d 1005, 1006 (2d Cir. 1946) ("The reason [defendant] cannot prevail in its present attempt to dismiss the suit for improper venue is simply because the venue is proper by virtue of the provisions of [the removal statute.]"). "A party [that removes a case to federal court] may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision." PT United, 138 F.3d at 72 (citing 28 U.S.C. § 1404); see also Blum, 2006 WL 3851157, at *3 ("Even when venue is proper in the Southern District of New York, the Court may transfer an action pursuant to 28 U.S.C. § 1404(a)."). Therefore, for the convenience of parties and witnesses, and in the interest of justice, the Court may consider whether this case is better litigated in the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

4

New York is where plaintiff has received medical treatment. (Pl.'s Affirmation ¶ 3.) Additionally, plaintiff asserts that jurisdiction is proper but "if this Court is not willing to hear this matter, it is respectfully submitted that this matter should be transferred to an appropriate court in New Jersey, and should not be dismissed." (Id. ¶ 9.)

## I.  Personal Jurisdiction

Plaintiff bears the burden of proving that the Court has jurisdiction over defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996) (citation omitted). Plaintiff's burden, however, is determined by the procedural posture of the case. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (Newman, J.). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." Metro. Life Ins., 84 F.3d at 566 (citation omitted). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993) (citing Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)).

"New York law governs personal jurisdiction over nondomiciliaries in a diversity action brought in a district court sitting in New York." Cooper v. Greyhound Lines, Inc., No. 93 Civ. 3117, 1994 WL 701993, at *1 (S.D.N.Y. Dec. 14, 1994) (Leisure, J.) (citation omitted); accord Geller Media Mgmt., Inc. v. Beaudreault, 910 F. Supp. 135, 137 (S.D.N.Y. 1996) (Leisure, J.) (citing Fed. R. Civ. P. 4(k)(1)(A)); see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) ("[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's

assertion of jurisdiction contravenes a constitutional guarantee." (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)) (internal quotation marks omitted)). There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific. See Helicopteros Nacionales de Colom. v. Hall, 466 U.S. 408, 414 (1984). For a court to exercise general jurisdiction, plaintiff's claim need not arise out of defendant's contacts with the forum state, so long as defendant's contacts with the forum state are substantial. See N.Y. C.P.L.R. § 301. For specific jurisdiction, defendant's contacts with the forum state need not be as substantial, but plaintiff's claim must arise out of the contacts. See id. § 302. These two types of jurisdiction are reflected in New York's jurisdictional statutes, see N.Y. C.P.L.R. §§ 301, 302, and in the jurisprudence interpreting the Constitutional Due Process limits of jurisdiction, see Helicopteros, 466 U.S. at 414. Because plaintiff fails to assert a particular jurisdictional basis in his opposition papers, the Court will extrapolate from plaintiff's arguments and analyze his claims under New York's general jurisdiction and "long-arm" jurisdiction statutes. See N.Y. C.P.L.R. §§ 301, 302(a)(1) and 302(a)(3).

### A. N.Y. C.P.L.R. § 301

Under N.Y. C.P.L.R. § 301, a New York court may exercise general jurisdiction over a nondomiciliary corporation that is "doing business" in New York. See N.Y. C.P.L.R. § 301. A foreign defendant is "doing business" in New York if it is engaged in "continuous, permanent, and substantial activity in New York." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks and citation omitted). The "doing business" standard is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." Freeplay Music Inc. v. Cox Radio Inc., No. 04 Civ.

5238, 2005 WL 1500896, at *2 (S.D.N.Y. June 23, 2005) (Lynch, J.) (internal quotation marks and citation omitted).

When determining whether a foreign corporation is doing business in New York, courts consider factors including: (1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the presence of bank accounts or other property in New York and (4) the presence of employees or agents in New York." Landoil, 918 F.2d at 1043 (citing Hoffritz, 763 F.2d at 58). If the "solicitation" factor is met, the defendant must be engaged in additional activities that go beyond the mere solicitation of business in New York. See Rodriguez v. Circus Circus Casinos, Inc., No. 00 Civ. 6559, 2001 WL 21244, at *1 (S.D.N.Y. Jan. 9, 2001) (Lynch, J.) ("[S]olicitation alone is insufficient to subject a foreign corporation to general jurisdiction in New York." (citing Laufer v. Ostrow, 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694 (N.Y. 1982)); see also Miller v. Surf Props., Inc., 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 321 (N.Y. 1958) ("[M]ere solicitation of business for an out-of-State concern is not enough to constitute doing business in this State." (citations omitted)). The additional activities must "'have involved either some financial or commercial dealings in New York ... or the defendant holding himself out as operating in New York, either personally or through an agent.'" Grill v. Walt Disney Co., 683 F. Supp 66, 69 (S.D.N.Y. 1988) (quoting Aquascutum of London, Inc. v. S.S. Am. Champion, 426 F.2d 205, 212 (2d Cir. 1970) (Friendly, J.)).

Plaintiff has not made a prima facie showing that Bally's is "doing business" in New York. According to the uncontroverted affidavit of defendant's Assistant Secretary submitted in support of defendant's motion, Bally's is a New Jersey corporation with its principal place of business in Atlantic City, New Jersey. (Hughes Aff. ¶ 2.) Bally's does not own land or lease office space in New York, does not have any post office boxes in New York, does not pay New

York income or property taxes, and does not have any employees in New York. (Id. ¶¶ 7-11.) Although defendant admits that it advertises in New York (see Pl.'s Affirmation Ex. A at 1), the only additional activity that Guccione points to beyond "mere solicitation" is defendant's contract with Torgro Atlantic City, a New Jersey corporation, "to provide transportation to and from New York in order to bring customers to [Bally's] facilities" (Id. ¶ 8 and Ex. B). Contrary to plaintiff's assertion, however, the fact that Bally's might arrange transportation for New York citizens to Bally's casino in Atlantic City is insufficient to support a finding of continuous and substantial contacts that would give rise to general jurisdiction over Bally's. See Marks v. Farm & Wilderness Found., 753 F. Supp. 523, 524 (S.D.N.Y. 1991) (holding that the hiring of buses to transport New York children to and from summer camps in Vermont does "not warrant a finding of any permanent or continuous presence in New York to justify the exercise of personal jurisdiction"); Corio v. Stebo, Inc., 84 A.D.2d 738, 739, 444 N.Y.S.2d 74, 76 (N.Y. App. Div. 1981) (holding that the furnishing of round trip transportation by a ranch in Pennsylvania does not constitute "a regular and systematic corporate presence in New York sufficient to satisfy due process concepts").

Plaintiff points to two additional facts to support the Court's exercise of general jurisdiction over Bally's. First, Guccione makes the conclusory allegation that Bally's receives a significant portion of its income from New York business. (Pl.'s Affirmation ¶ 7.) Although "courts will frequently look to the percentage of a company's revenue attributable to New York business in determining whether solicitation is substantial and continuous," Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 569 (S.D.N.Y. 2006) (collecting cases), Guccione fails to provide definite evidentiary facts in support of his contention because he has not provided, nor requested from Bally's, the percentage of revenue Bally's derives from New York business.

8

Second, plaintiff alleges that "a review of defendant's website, www.harrahs.com, indicates that the Harrah's casinos are owned or managed through subsidiaries by Harrah's Entertainment Inc., which is publicly traded through the New York Stock Exchange." (Pl.'s Affirmation ¶ 7.) However, Harrah's has not joined this motion, and it is uncontradicted that Harrah's does not own, operate, or control Bally's.[7] (See Hughes Aff. ¶¶ 3-6.) Accordingly, Bally's is not subject to jurisdiction in New York pursuant to N.Y. C.P.L.R. § 301.

### B.   N.Y. C.P.L.R. § 302(a)(1)

Under § 302(a)(1), jurisdiction is proper over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services within the state." N.Y. C.P.L.R. § 302(a)(1). The section "requires an articulable nexus, a substantial relationship, between the New York activity, business or transaction and the asserted claim and injury," in order for the Court to obtain jurisdiction. Chamberlain v. Peak, 155 A.D.2d 768, 769, 547 N.Y.S.2d 706, 707 (N.Y. App. Div. 1989) (finding plaintiff's tort claim originating from a ski slope injury in Massachusetts too remote from defendant's New York sales and promotional activities to support long-arm jurisdiction). New York courts have held that "injuries sustained while participating outside the state in recreational activities advertised and contracted for within the state, bear too remote a relationship to the advertising and contractual activity claimed to be the transaction of business in the state to warrant a conclusion that the injuries arose from the in-state activity." Diskin v. Starck, 538 F. Supp. 877, 880 (E.D.N.Y. 1982); see Cicalo v. Harrah's Operating Co., Inc., No. 06 Civ. 221, 2008 WL 1847665, at *3 (S.D.N.Y. Apr. 24, 2008) (Leisure, J.) (finding jurisdiction lacking under § 302(a)(1) because plaintiff's injury did not arise out of New Jersey casino's solicitations); Sedig v. Okemo Mountain, 204 A.D.2d 709, 710-

---

[7] Irrespective of the relationship between Harrah's and Bally's, the Court notes that a stock exchange listing in New York by itself is insufficient evidence of "doing business" in New York. See Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 97 (2d Cir. 2000) (citations omitted).

9

11, 612 N.Y.S.2d 643, 645 (N.Y. App. Div. 1994) ("[P]laintiff's tort claim, originating from a ski slope injury in Vermont, is too remote from the defendant's alleged sales and promotional activities to support long-arm jurisdiction under CPLR 302(a)(1)."). As a result, Guccione fails to meet his burden because his injury is too remote from defendant's solicitation in New York to assert jurisdiction over defendant under § 302(a)(1).

### C. N.Y. C.P.L.R. § 302(a)(3)

Plaintiff's opposition to defendant's motion also suggests that Bally's is subject to personal jurisdiction under § 302(a)(3), which authorizes courts to exercise jurisdiction over a non-domiciliary that:

> commits a tortious act without the state causing injury to person or property within the state, ... if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3).

To establish that the Court has jurisdiction under § 302(a)(3), Guccione must make a prima facie showing that: (1) defendant committed a tortious act outside of the state; (2) the cause of action arises from that act; (3) the act caused injury to a person or property within the state; (4) defendant expected or should reasonably have expected the act to have consequences in the state; and (5) defendant derived substantial revenue from interstate or international commerce. See LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 214, 735 N.E.2d 883, 886 (N.Y. 2000). New York courts have devoted considerable attention to the third element, causing injury within the state, and have attempted to fashion a clear test for locating the place of injury. When

"determining whether the injury in New York is sufficient to warrant § 302(a)(3) jurisdiction [courts] must generally apply a situs-of-injury test." Bank Brussels, 171 F.3d at 791; see also Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001). "'[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.'" Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (quoting Carte v. Parkoff, 152 A.D.2d 615, 616 (N.Y. App. Div. 1989)). Although plaintiff received medical treatment in New York (Pl.'s Affirmation ¶ 4), the alleged injury giving rise to this suit occurred at defendant's premises in Atlantic City, New Jersey (Compl. ¶ 79). Therefore, Atlantic City, New Jersey is the "situs of the injury." See, e.g., Cicalo, 2008 WL 1847665, at *3 ("Plaintiff has failed to establish jurisdiction under § 302(a)(3) because [his tort injury occurred] in New Jersey and not in New York."); Circus Circus, 2001 WL 21244, at *1 (finding jurisdiction lacking under § 302(a)(3) where plaintiff's injuries occurred in Las Vegas yet the full extent of the injuries only became evident once plaintiff returned to New York). Therefore, Bally's is not subject to jurisdiction in New York pursuant to § 302(a)(3).

### D. Constitutional Due Process Requirements

Because Guccione fails to show that Bally's is subject to jurisdiction under New York law, the Court need not evaluate jurisdiction under due process guarantees of the United States Constitution. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007) (stating that only if exercise of jurisdiction is proper under state law should court then determine if asserting jurisdiction under state law would be compatible with Constitutional Due Process requirements (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945))).

## II.    Transfer of Venue

Defendant requests, in the alternative, to transfer the action to Superior Court, Atlantic County, New Jersey. A federal court lacks the statutory authority to transfer a case to a state court. Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC., 386 F. Supp. 2d 421, 426 (S.D.N.Y. 2005); see also Carematrix of Mass., Inc. v. Kaplan, 385 F. Supp. 2d 195, 200 (S.D.N.Y. 2005) ("Section 1404(a), by its very terms, speaks to federal courts; … its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts …." (quoting Pope v. Atl. Coast Line R.R. Co., 345 U.S. 379, 384 (1953))). Therefore, the Court cannot transfer this case to New Jersey state court.

The Court may nevertheless transfer this case to the District of New Jersey pursuant to 28 U.S.C. §1404(a), even though the Court lacks personal jurisdiction over Bally's. See Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108, 113 (2d Cir. 2001) (Kearse, J.) (noting that a district court has the "power to transfer venue [pursuant to § 1404(a)] even if it lacks personal jurisdiction over defendants" (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, (1962))). Under § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer venue is committed to the district court's "broad discretion." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

Factors that guide a district court's determination of whether transfer is appropriate include: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of

12

unwilling witnesses, and (7) the relative means of the parties. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (Winter, J.) (internal quotation marks and citation omitted). Courts in this District have added two factors to this analysis: (1) the forum's familiarity with the governing law; and (2) trial efficacy and the interests of justice based upon the totality of circumstances. See, e.g., In re Collins & Aikman Corp. Secs. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "There is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citing S & S Mach. Corp. v. Gen. Motors Corp., No. 93 Civ. 3237, 1994 WL 529867, at *7 (S.D.N.Y. Sept. 28, 1994)). "Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." Id. at 561 (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)).

Neither party disputes that the action could originally have been brought in the District of New Jersey. Bally's is a New Jersey corporation with its principal place of business in Atlantic City, New Jersey (Hughes Aff. ¶ 6), making Bally's subject to personal jurisdiction in New Jersey. In addition, the events giving rise to this case occurred at Bally's premises in Atlantic City, New Jersey (Pl.'s Affirmation ¶ 4), so that venue is proper in the District of New Jersey. See 28 U.S.C. § 1391(a)(2) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated …."). Thus, the Court considers whether the balance of conveniences significantly favors transfer to the District of New Jersey. See Waverly Commons LLC v. Show Snow, Inc., No. 08 Civ. 10818, 2009 WL 1116893, at *1 (S.D.N.Y. Apr. 24, 2009) (Lynch, J.) (citation omitted). In doing so, the Court

13

focuses its analysis on those factors that the parties consider sufficiently pertinent to have addressed in their papers.

### A. Plaintiff's Choice of Forum

Guccione contends that "New York is the more convenient and more appropriate forum, as New York is where all of plaintiff's medical treatment has taken place." (Pl.'s Affirmation ¶ 3.) While significant deference is normally accorded to plaintiff's choice of forum, this factor "is given less weight where the case's operative facts have little connection with the chosen forum." Mitsui Marine & Fire Ins. Co. Ltd. v. Nankai Travel Intern. Co., Inc., 245 F. Supp. 2d 523, 525 (S.D.N.Y. 2003) (internal quotation marks and citation omitted); see also Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000) (stating plaintiff's choice of forum is accorded less weight "when the forum chosen has no material connection with the action"). As a result, plaintiff's argument is less availing because the operative facts in this case, including where the plaintiff sustained his alleged injury, occurred in New Jersey. Therefore, plaintiff's choice of forum is not controlling.

### B. Convenience of Witnesses

The convenience of the forum for witnesses is a significant factor in the analysis of whether to grant a transfer. Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002) (citing TM Claims Serv. v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 405 (S.D.N.Y. 2001)); see 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1992) (Leisure, J.). When weighing this factor, the Court considers the materiality, nature, and quality of each witness, in addition to the number of witnesses in each District. See Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc., No. 05 Civ. 4741, 2005 WL 3367044, at *4 (S.D.N.Y. Dec. 12, 2005).

In support of its motion to dismiss, defendant states that all of its witnesses reside in New Jersey. (Def.'s Mem. 13.) These witnesses include the hotel's Head of Maintenance and the hotel's Security Officer, who responded to the accident and assisted plaintiff immediately after the alleged injury occurred, and the nursing staff of Atlantic City Medical, where defendant alleges Guccione received medical treatment immediately following the incident. (Id.) Guccione, on the other hand, has not identified any witnesses in this action. He states that all of his treating physicians have offices in New York (Pl.'s Affirmation ¶ 6), but he has not indicated what hardships might arise from having these doctors testify by deposition pursuant to Fed. R. Civ. P. 32. See Kirkman v. Martin, No. 3:06cv393, 2006 WL 3041101, at *4 (D. Conn. Oct. 24, 2006) (stating "[i]t is not at all unusual in today's federal courts to have non-party witnesses appear at trial via videotaped depositions" and finding that plaintiff could preserve trial testimony of principal non-party witness who was beyond court's subpoena power through a videotaped deposition); Schwartz v. Marriott Hotel Servs., Inc., 186 F. Supp. 2d 245, 249 (E.D.N.Y. 2002) ("[P]laintiff can effectively place the testimony of his New York physicians before a New Jersey jury by either a video deposition or live video testimony."). Because the bulk of the material witnesses reside in New Jersey, this factor weighs heavily in favor of transfer to the District of New Jersey.

C.   Location of Documents

Bally's argues that venue in the District of New Jersey would be more convenient because all of their "relevant records and documents are in New Jersey." (Def.'s Mem. 13.) However, Bally's has not shown that, absent transfer, production of these documents will impose a significant burden. Without such a showing, this consideration has little effect on the Court's determination. See, e.g., Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395,

15

401 n. 2 (S.D.N.Y. 2005) (Leisure, J.) ("[T]he location of documents is entitled to little weight unless defendant makes a 'detailed showing of the burden it would incur absent transfer.'") (quoted reference omitted)).

D.   Convenience of Parties

Neither party argues that venue in the District of New Jersey would be inconvenient. Instead, both parties request in the alternative that the Court consider transfer of this case to a New Jersey court. (Pl.'s Affirmation ¶ 9; Def.'s Mem. 5, 12-13.) Both parties therefore apparently concede that they are able to litigate in the District of New Jersey. However, because this factor appears to shift the burden of inconvenience from one party to another, given that plaintiff resides in New York and defendant's principal place of business is in New Jersey, the Court concludes that this factor is neutral.

E.   Locus of Operative Facts

Courts traditionally give significant weight to the locus of the operative facts of a case, see, e.g., Royal Ins. Co. of Am. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 WL 31385815, at *3 (S.D.N.Y. Oct. 22, 2002) (Leisure, J.), and routinely transfer cases when the principal events occurred in another district and the principal witnesses are located there. Billing v. Commerce One, Inc., 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (citation omitted). To determine where the locus of operative facts lies, courts look to "the site of events from which the claim arises." See 800-Flowers, Inc., 860 F. Supp. at 134. Here, the alleged injury occurred at Bally's premises in Atlantic City, New Jersey. (Compl. ¶ 77.) Thus, this factor strongly favors transfer to the District of New Jersey.

F.    Interest of Justice

Furthermore, if the Court simply dismissed this action for lack of personal jurisdiction, Guccione would be unable to re-file his suit in New Jersey because the action would be time-barred under that State's statute of limitations. See N.J. Stat. Ann. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued...."). Thus, a transfer to the District of New Jersey would allow a court to reach the merits of Guccione's claims. See, e.g., Grajeda v. Aeroil Prods. Co., No. 96 Civ. 0534, 1999 WL 756507, at *3 (S.D.N.Y. Sept. 23, 1999) (Leisure, J.) ("The Court assumes ... that plaintiff would prefer a transfer to Connecticut to the dismissal of his action and the costs and delays associated with commencing a new action."). Transfer is therefore in the interest of justice.

In light of the considerations set forth above, the Court finds that, as to those factors most relevant to the facts here – the convenience of witnesses, the locus of operative facts, and avoiding a time-consuming and justice-defeating dismissal – the balance weighs significantly in favor of transfer to the District of New Jersey. Because it is possible that the non-moving defendants lack notice of the possible transfer of venue, given that they have not submitted papers or taken a position in connection with the instant motion, the non-moving defendants are hereby ordered to show cause in writing, by August 28, 2009, why this case should not be transferred to the District of New Jersey for the reasons described in this Opinion and Order. See JP Morgan Chase Bank, N.A., v. Coleman-Toll Ltd. P'ship, Nos. 08 Civ. 10571-74, 10582-83, 2009 U.S. Dist. LEXIS 45418 (S.D.N.Y. May 26, 2009) ("It is well established that a district court can order a transfer *sua sponte*, provided that court give[s] notice to the parties of its intention to do so in order that the parties may respond." (internal quotation marks and citations

omitted)). The non-moving defendants' submissions shall not exceed ten double-spaced pages. Failure to meet the Court's August 28, 2009 deadline will be deemed a waiver of any opposition to the transfer of the case to the District of New Jersey.

## CONCLUSION

For the reasons discussed above, the Court lacks personal jurisdiction over defendant Bally's, but, for the convenience of parties and in the interest of justice, pursuant to 28 U.S.C. § 1404(a), GRANTS defendant's motion to transfer this action to the District of New Jersey. Transfer of the action is stayed until August 28, 2009, pending receipt of any objections from non-moving defendants.

**SO ORDERED.**

New York, New York
July 29, 2009

_____
U.S.D.J.